# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND RAMSEY, | Civil Action No. 15-8532 (JMV/JBC) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES DEPARTMENT OF JUSTICE AND DRUG ENFORCEMENT ADMINISTRATION, | |
| Defendant. | |

**IT APPEARING THAT**:

1.  On or about December 7, 2015, *pro se* Plaintiff Raymond Ramsey initiated this action seeking the return of property seized by Defendant United States Department of Justice and Drug Enforcement Administration.[1] (*See* ECF No. 1; *see also* Nov. 9, 2017 Memo. and Order, ECF No. 19 (noting that the Court has construed Plaintiff's December 7, 2015 pleading as a civil rights complaint).)

2.  On April 4, 2016, this Court issued an Order in which it determined that Plaintiff's claims could proceed past *sua sponte* screening. (ECF No. 4.) The Court further indicated that the United States Marshal's Service would be responsible for serving Plaintiff's Complaint upon Defendant, and that the Marshal would effectuate service *after* Plaintiff returned completed U.S. Marshal 285 Forms ("USM 285 Forms"). (*Id.*) The Court therefore directed the Clerk of the Court

---

[1] The Court notes that its prior Orders, at times, refer to two Defendants, *i.e.*, Defendant United States Department of Justice *and* Defendant Drug Enforcement Administration. However, upon further review of Plaintiff's pleading and the documents appended thereto (*see* ECF No. 1), the Court is now satisfied that Plaintiff is asserting claims against only one Defendant, *i.e.*, Defendant United States Department of Justice and Drug Enforcement Administration.

to mail Plaintiff the requisite USM 285 Forms and a transmittal letter explaining the procedure for completing those forms. (*Id.*) The Clerk sent those documents to Plaintiff on April 27, 2016. (ECF No. 5.)

3. On April 3, 2017, the Court issued a Memorandum and Order in which it noted that Defendant had not yet been served with the summons and Complaint. (ECF No. 12.) The Court detailed additional steps needed to effectuate service. (*Id.*)

4. It fully appears that Plaintiff subsequently attempted to comply the Court's service-related directives. (*See* ECF Nos. 15, 16, 17, and 18.)

5. On November 9, 2017, the Court issued a Memorandum and Order in which it explained why the purported service of Plaintiff's Complaint on Defendant, as a United States Agency, remained incomplete, notwithstanding that the summons and the Complaint were delivered to counsel for the Drug Enforcement Administration's Asset Forfeiture Unit. (ECF No. 19 (citing Fed. R. Civ. P. 4(i)).) On that date, the Clerk re-sent Plaintiff the requisite USM 285 Forms and accompanying transmittal letter. (ECF No. 20.)

6. On January 16, 2018, the Court received a letter from Plaintiff requesting additional time to serve Defendant. (ECF No. 23.) In that letter, Plaintiff indicated that he was simultaneously mailing USM 285 Forms to the Marshal to effectuate service. (*Id.*) The United States Marshal's Service, however, has advised the Court that it never received those forms.

7. On August 24, 2018, the Court received a letter from Plaintiff inquiring about the status of this matter. (ECF No. 25.)

8. As of this date, service of the summons and Plaintiff's Complaint remains incomplete, and Defendant is therefore not yet required to answer the Complaint.

9. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

10. In light of the foregoing, the Court finds that good exists to "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court will therefore provide Plaintiff one final opportunity to appropriately serve Defendant in accordance with the Court's prior Orders and directives. The Court wishes to make clear that no additional extensions will be granted barring exceptional circumstances. Therefore,

**IT IS** on this 11th day of September, 2018,

**ORDERED** that the time for service of the summons (ECF No. 21) and Complaint (ECF No. 1) is extended for ninety (90) days after the date of this Memorandum and Order; and it is further

**ORDERED** that, the Clerk shall resend to Plaintiff copies of the Court's April 4, 2016 Order (ECF No. 4); the Court's April 3, 2017 Memorandum and Order (ECF No. 12); the Court's November 9, 2017 Memorandum and Order (ECF No. 19); the Clerk's November 9, 2017 transmittal letter (ECF No. 20); Instructions for Completing the Marshal Service Form (available at ECF No. 22), and the summons issued on November 9, 2017 (ECF No. 21); and it is further

**ORDERED** that the Clerk shall additionally send Plaintiff four (4) blank USM 285 Forms; and it is further

**ORDERED** that in the event Plaintiff wishes to have the Marshal effectuate service upon Defendant, he shall return the completed USM 285 Forms to the United States Marshal's Service within thirty (30) days of the date of this Memorandum and Order, so that service may be

effectuated by the Marshal within ninety (90) days of the date of this Memorandum and Order; and it is further

**ORDERED** that Plaintiff, may, in the alternative, attempt to properly effectuate service upon Defendant without utilizing the United States Marshal's Service, *e.g.*, by employing a private process server, *etc.*; and it is further

**ORDERED** that if Plaintiff fails to properly serve Defendant within ninety (90) days of the date of this Memorandum and Order, his Complaint may be dismissed; and it is further

**ORDERED** that, once the Marshal's Service receives the completed USM 285 Forms from Plaintiff, it shall alert the Clerk and shall serve the summons, Complaint, and this Memorandum and Order to the addresses specified on each USM 285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that in the event Plaintiff returns properly completed USM 285 Forms to the United States Marshal's Service within thirty (30) days of the date of this Memorandum and Order and the Marshal is nonetheless unable to effectuate service within ninety (90) days of the date of this Memorandum and Order, it shall advise the Clerk of that fact in writing and shall explain the reasons why it is unable to do so; and it is further

**ORDERED** that upon being properly served, Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order, and the additional specific documents identified above, on Plaintiff by regular U.S. mail.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge
